IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VERONICA LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV00626 |
| ) | |
| BENNETT COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**SHARP, Magistrate Judge**

This matter comes before the Court on the Motion to Dismiss and for Sanctions filed by Defendant Bennett College. *See* Pleading No. 21. Plaintiff Veronica Lowe, now proceeding *pro se*, has not responded to the motion to dismiss despite being warned by the Clerk that failure to respond could cause the Court to conclude that the Defendant's contentions are undisputed or that Plaintiff no longer wishes to pursue the matter. *See* Pleading No. 24. Pursuant to the local rules, the Court will treat the motion to dismiss as uncontested. *See* Local Rule 7.3(k).

Factual Background

The record before the Court shows that Plaintiff Lowe, then represented by counsel, filed this action for unpaid overtime wages under the Fair Labor Standards Act on June 15, 2005. The parties filed a joint 26(f) report which was ordered approved by the Court on

September 1, 2005. The parties consented to the trial jurisdiction of the undersigned Magistrate Judge, and an Order of Reference was entered on October 1.

On September 9, 2005, Defendant served requests for production of documents upon the Plaintiff. The Court granted an extension to respond until November 9, 2005. The Court appointed Jonathan Harkavy as the mediator in this matter under the local rules for mediation. The Court also granted the motion of Plaintiff's counsel to be allowed to withdraw from representation of the Plaintiff. Plaintiff, proceeding *pro se*, requested an extension of time to obtain new counsel, and the Court granted Plaintiff until December 15 to retain a new attorney. Mediation was scheduled for January 26, 2006, but was postponed by Mr. Harkavy who, according to Defendant's uncontested brief, wrote the Plaintiff, "[w]ould Ms. Lowe please advise me promptly by return mail whether you are pursuing the case on your own or whether you have a lawyer." Mr. Harkavy never received a response, and thus no mediation was conducted. Plaintiff Lowe has not responded to Defendant's outstanding discovery, although the time for response has long expired.

## Discussion

It is uncontested that Plaintiff Lowe has failed to participate in mediation under the local rules as ordered in the Initial Pretrial Order. Further, Plaintiff has failed to provide discovery to Defendant within the time limits prescribed by the Court's orders. Plaintiff has also failed to respond to the motion to dismiss filed by Defendant. Under these

circumstances, the Court will grant Defendant's motion to dismiss and enter judgment dismissing this action with prejudice.

Plaintiff Lowe has failed to prosecute this action or to comply with Orders of the Court. The failure of the *pro se* Plaintiff is complete and without excuse. The litigation, now more than one year old, has moved forward not one iota because of Plaintiff's failure to participate. Defendant has been severely prejudiced by Plaintiff's failure to provide rudimentary discovery or to participate in court-ordered mediation. *See Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004); and *McClain v. James M. Pleasants Co.*, No. 1:04CV1208, 2006 WL 435729, *2 (M.D.N.C. Feb. 22, 2006).

In its discretion, the Court declines to impose sanctions upon the *pro se* Plaintiff.

## Conclusion

For reasons set forth above, **IT IS ORDERED** that Defendant's motion to dismiss (Pleading No. 21) is **GRANTED**, and this action is dismissed with prejudice. A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

                                                /s/ P. Trevor Sharp
                                         United States Magistrate Judge

Date: September 26, 2006